UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2005 AUG -9 A 9: 37

WENDY DEAN,

    Plaintiff,

vs.

CASE NO: 3: 05CV756-B

HAMPTON INNS, INC.

    Defendant.
_____/

## COMPLAINT

Plaintiff, WENDY DEAN ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues HAMPTON INNS, INC., for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 et. seq, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. sections 1331 and 1343.

2.    Venue is proper in this Court, the Middle District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Middle District of Alabama.

3.    Plaintiff, WENDY DEAN (hereinafter referred to as "DEAN") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. DEAN

suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that one requires a wheelchair for mobility. Prior to instituting the instant action, DEAN visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant which is the subject of this lawsuit due to its lack of compliance with the ADA. DEAN continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access which continue to exist.

    4.    The Defendant, HAMPTON INNS, INC., is a foreign corporation registered to do business and, in fact, conducting business, in the State of Alabama. Upon information and belief, HAMPTON INNS, INC., (hereinafter referred to as "HAMPTON") is the owner, lessee and/or operator of the real property and improvements which is the subject of this action, specifically the Hampton Inn, located at 2430 South College Street, Auburn, Alabama (hereinafter referred to as the "HOTEL").

    5.    All events giving rise to this lawsuit occurred in the Middle District of Alabama.

### COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

    6.    On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

2

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the HOTEL owned by HAMPTON is a place of public accommodation in that it is a hotel which provides accommodations and services to the public.

8. Defendant, HAMPTON has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at HOTEL in derogation of 42 U.S.C §12181 et. seq.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at HOTEL owned by HAMPTON. Prior to the filing of this lawsuit, Plaintiff visited HOTEL at issue in this lawsuit and was denied full, safe and equal access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Plaintiff continues to desire and intends to visit HOTEL, but continues to be injured in that she is unable to fully and safely do so and continues to be discriminated against due to the barriers to access which remain at HOTEL in violation of the ADA. DEAN has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. HAMPTON is in violation of 42 U.S.C. §12181 et.seq. and 28 C.F.R. §36.302 et.seq. and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

(i) The parking spaces designated accessible are not located on the shortest accessible route to any accessible entrance;

(ii) The parking spaces designated accessible are located on a excessively steep slopes;

(iii) The parking spaces designated accessible lack compliant access aisles;

(iv) The parking spaces designated accessible lack raised signage;

(v) There is not sufficient clear floor space at the entrance/exit to the pool area;

(vi) Accessible seating is not provided in the continental breakfast area

(vii) The check in/out counter is too high for a wheelchair user;

(viii) Accessible signage to the lobby toilet rooms is not properly located;

(ix) The rear grab bar in the public toilet room is too short;

(x) The soap dispenser in the public toilet room is out of reach range for a wheelchair user;

(xi) Elevator buttons are out of reach range for a wheelchair user;

(xii) The cabinet door to the elevator's emergency communication device requires grasping or pinching of the hand to operate;

(xiii) An accessible table is not provided in the accessible guest room;

(xiv) A fixed bench is not provided in the tub of the accessible guest room's toilet room;

(xv) The tub located in the accessible guest room's toilet room contains non-compliant grab bars;

(xvi) The hairdryer in the accessible guest room's toilet room is out of reach range for a wheelchair user;

(xvii) Sufficient clear floor space is not provided at the lavatory in the accessible guest room's toilet room for a wheelchair user;

(xviii) Accessible signage is not posted at the accessible guest rooms;

(xix)   Sufficient maneuvering space is not provided in the laundry room for a wheelchair user;

12.   There are other current barriers to access and violations of the ADA at HOTEL owned and operated by HAMPTON which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13.   To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14.   Pursuant to the ADA, 42 U.S.C. §12181 et.seq. and 28 C.F.R. §36.304, AIG was required to make HOTEL, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, HAMPTON has failed to comply with this mandate.

15.   The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's fees, costs and expenses paid by HAMPTON pursuant to 42 U.S.C. §12205.

16.   Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against HAMPTON and requests the

following injunctive and declaratory relief:

    A.    That the Court declare that the property owned and administered by HAMPTON is violative of the ADA;

    B.    That the Court enter an Order directing HAMPTON to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing HAMPTON to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 8th day of August, 2005.

Respectfully submitted,

By: _____
Edward I. Zwilling, Esq.
Schwartz Zweben & Slingbaum, LLP
300 Office Park Drive, Suite 217
Birmingham, Alabama 35223
Telephone:    (205) 871-8089
Facsimile:    (205) 871-8091
Email: ezwilling@szalaw.com