UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WENDY DEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO.: 3:05CV756B |
| v. ) | |
| ) | |
| AUBURN LODGING ASSOCIATES, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

**ANSWER TO AMENDED COMPLAINT**

Comes Now defendant, Auburn Lodging Associates, LLC (hereinafter "Auburn Lodging"), and denies that plaintiff is entitled to injunctive relief, attorneys' fees, costs, or any other relief pursuant to 42 U.S.C. § 12181, *et seq*., and submits its Answer to plaintiff's Amended Complaint as follows:

**FIRST DEFENSE**

Defendant Auburn Lodging responds to the corresponding numbered paragraphs of plaintiff's Amended Complaint as follows:

1.  Auburn Lodging admits that plaintiff has filed this action alleging entitlement to declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181 *et seq*. Auburn Lodging denies that plaintiff is entitled to any declaratory or injunctive relief or other relief as alleged in the Amended Complaint and denies that plaintiff has standing or is a proper party to bring this action. To the extent not admitted herein, Auburn Lodging denies the allegations in paragraph 1 of plaintiff's Amended Complaint.

2.      Auburn Lodging admits that venue is proper in this Court, but denies that plaintiff has standing or is a proper plaintiff to bring this action. To the extent not admitted herein, defendant denies the allegations in paragraph 2 of plaintiff's Amended Complaint.

3.      Auburn Lodging lacks sufficient knowledge or information to admit or deny whether plaintiff Dean is a resident of the State of Alabama.  Dean has failed to set forth with any particularity the nature of her alleged "qualified disability" under the ADA, and, therefore, Auburn Lodging denies that Dean is a qualified individual with a disability under the Americans with Disabilities Act.  Auburn Lodging does not have sufficient knowledge or information to determine whether plaintiff Dean has visited the facility Auburn Lodging operates but denies that she was ever denied "full and safe access" to the facility Auburn Lodging operates or that Auburn Lodging has failed to comply with the ADA.  Auburn Lodging lacks sufficient knowledge or information to determine whether plaintiff Dean continues to desire to visit the facility Auburn Lodging operates but denies that she has been or will be denied "full and safe access" to the facility Auburn Lodging operates. To the extent not admitted herein, Auburn Lodging denies the allegations in paragraph 3 of plaintiff's Amended Complaint.

4.      Auburn Lodging denies that it is a domestic limited liability company doing business in the state of Alabama but admits that it operates the facility at the location described in paragraph 4 of plaintiff's Amended Complaint.  To the extent not admitted herein, Auburn Lodging denies the remaining material allegations in paragraph 4 of plaintiff's Amended Complaint.

5.      Auburn Lodging denies that the events alleged in plaintiff's Amended Complaint took place anywhere, including the Middle District of Alabama.  However, Auburn Lodging

admits that venue is proper in the Middle District of Alabama based upon the allegations in plaintiff's Amended Complaint.

6. Auburn Lodging admits that the Americans with Disabilities Act was passed by Congress on or about July 26, 1990. To the extent not admitted herein, Auburn Lodging denies the remaining allegations of paragraph 6 of plaintiff's Amended Complaint.

7. Auburn Lodging admits that it is a place of "public accommodation" within the meaning of the ADA. To the extent not admitted herein, Auburn Lodging denies the remaining allegations of paragraph 7 of plaintiff's Amended Complaint.

8. Auburn Lodging denies the allegations made in paragraph 8 of plaintiff's Amended Complaint.

9. Auburn Lodging denies the allegations made in paragraph 9 of plaintiff's Amended Complaint.

10. Auburn Lodging admits that federal regulations exist. To the extent not admitted herein, Auburn Lodging denies the allegations made in paragraph 10 of plaintiff's Amended Complaint.

11. Auburn Lodging denies the allegations made in paragraph 11 of plaintiff's Amended Complaint, including all subparts contained therein.

12. Auburn Lodging denies the allegations made in paragraph 12 of plaintiff's Amended Complaint.

13. Auburn Lodging denies the allegations made in paragraph 13 of plaintiff's Amended Complaint.

14. Auburn Lodging denies the allegations made in paragraph 14 of plaintiff's Amended Complaint.

15. Auburn Lodging denies the allegations made in paragraph 15 of plaintiff's Amended Complaint.

16. Auburn Lodging admits that the Court is vested with authority to grant injunctive relief but denies that plaintiff is entitled to any such relief. To the extent not admitted herein, Auburn Lodging denies all material allegations made in paragraph 16 of plaintiff's Amended Complaint. Auburn Lodging further denies that plaintiff is entitled to any judgment against Auburn Lodging or entitled to the injunctive or declaratory relief or costs or other relief requested in subparts (A) - (E). Except as expressly admitted herein, Auburn Lodging denies all material averments of plaintiff's Amended Complaint including entitlement to any and all relief sought therein.

## SECOND DEFENSE

The Court lacks jurisdiction over the subject matter of some or all of the plaintiff's claims.

## THIRD DEFENSE

Plaintiff does not have standing to bring this lawsuit and/or assert one or more of the claims alleged in this lawsuit.

## FOURTH DEFENSE

Plaintiff has failed to satisfy the administrative prerequisites, jurisdictional or otherwise, to maintaining some or all of the claims alleged in the Complaint.

## FIFTH DEFENSE

Auburn Lodging denies each and every allegation contained in plaintiff's Amended Complaint that has not been specifically admitted and demands strict proof with respect to all allegations.

### SIXTH DEFENSE

Plaintiff has not established that she is a qualified individual with a disability under the Americans with Disabilities Act.

### SEVENTH DEFENSE

Some or all of the claims in the Complaint and the relief sought are barred by the equitable doctrines of waiver, estoppel, and/or unclean hands.

### EIGHTH DEFENSE

The plaintiff's claims are barred in whole or in part by the applicable statues of limitations.

### NINTH DEFENSE

Auburn Lodging denies that plaintiff is entitled to any relief whatsoever.

### TENTH DEFENSE

The accommodations sought by plaintiff are not reasonable because they would fundamentally alter the services or operations of Auburn Lodging, are not readily achievable or easily accomplished, and are unduly burdensome.

### ELEVENTH DEFENSE

Auburn Lodging does not exclude, deny service, segregate, or otherwise treat any person differently from other individuals on account of alleged disabilities.

### TWELFTH DEFENSE

Plaintiff cannot establish an injury in fact or probability of future injury based on the allegations in the Amended Complaint.

### THIRTEENTH DEFENSE

Plaintiff has failed to establish that she was denied access to Auburn Lodging because of alleged disabilities.

### FOURTEENTH DEFENSE

Auburn Lodging has made all reasonable modifications in policies, practices, and procedures when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to disabled individuals.

### FIFTEENTH DEFENSE

Auburn Lodging has removed all architectural barriers and communication barriers that are structural in nature in its facility when such removal has been readily achievable.

### SIXTEENTH DEFENSE

If barrier removal is not readily achievable, Auburn Lodging has made its goods and/or services available through alternative methods.

### SEVENTEENTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### EIGHTEENTH DEFENSE

Plaintiff has failed to join one or more necessary parties.

### NINETEENTH DEFENSE

Some or all of the claims alleged in the complaint and the relief sought are foreclosed because plaintiffs have not done equity.

### TWENTIETH DEFENSE

Plaintiff's Amended Complaint fails to plead with particularity the nature of any alleged disability(s).

## **TWENTY-FIRST DEFENSE**

Defendant reserves the right to amend its Answer to the extent any additional defenses are ascertained.

                      */s/ K. Bryance Metheny*
                      Mac B. Greaves (GRE007)
                      K. Bryance Metheny (MET011)
                      Attorneys for Defendant
                      Auburn Lodging Associates, LLC

OF COUNSEL:
BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

1406267

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 3, 2005, the foregoing ANSWER TO AMENDED COMPLAINT has been electronically filed using the CM/ECF system, which will send notifications of such filing to the following:

Edward Zwilling
Schwartz Zweben & Slingbaum
300 Office Park Drive
Suite 217
Birmingham, AL 35223

                                                                             /s/ K. Bryance Metheny
                                                                         OF COUNSEL